UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK HALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-4409** |
| **MAC PAPERS, INC., ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court are cross-motions[1] for partial summary judgment filed by plaintiffs, Derrick Hall and Candace Hall, and by defendants, Mac Papers, Inc. ("Mac Papers") and Zurich American Insurance Company ("Zurich"). For the following reasons, plaintiffs' motion for partial summary judgment is **DENIED** and defendants' motion for partial summary judgment is **GRANTED**.

### *BACKGROUND*

This lawsuit arises out of a motor vehicle accident which occurred on August 19, 2009 on Interstate 10 in New Orleans, Louisiana.[2] Plaintiff, Derrick Hall ("Hall"), was the driver of a truck while in the course and scope of his employment with defendant, Mac Papers.[3] Hall alleges that he was injured and continues to suffer from injuries as a result of the accident.[4] Hall further alleges that the other driver involved in the accident was at fault for the accident and was underinsured.[5] Hall now seeks recovery under the uninsured/underinsured ("UM") policy issued by Zurich to Mac Papers.

---

[1] R. Doc. Nos. 19, 21.
[2] R. Doc. No. 1.
[3] *Id.*
[4] *Id.*
[5] *Id.*

1

Zurich issued a business automobile liability policy to Mac Papers with an initial policy period of December 1, 2006 – March 1, 2007, bearing policy number BAP 8196367-00.[6] In connection with the policy, Mac Papers executed an ancillary Uninsured/Underinsured Motorist Bodily Injury Coverage Form on which it selected to have UM coverage with a combined single limit of $20,000.[7] The policy was renewed beginning March of the year following the policy inception and, annually thereafter, each March through the policy period during which the subject accident occurred.[8] The subsequent policies bear numbers ending sequentially with "-01," "-02," and "-03."[9]

In connection with the "-01" and "-02" policies, Mac Papers again signed ancillary Uninsured/Underinsured Motorist Bodily Injury Coverage Forms selecting a combined single limit of $20,000 of coverage.[10] However, because these ancillary "-01" and "-02" forms were not executed in accordance with Louisiana law, the parties do not dispute that the UM coverage forms for the "-01" and "-02" policies were invalid.[11] In addition, the parties do not dispute that an ancillary UM form was never executed in connection with the "-03" policy renewal.[12]

*LAW AND ANALYSIS*

I.  **STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of

---

[6] R. Doc. No. 21-4.
[7] R. Doc. No. 21-6. The parties do not dispute that this form was validly executed. *See* R. Doc. No. 24, p.6; R. Doc. No. 27, p.3.
[8] R. Doc. No. 21-7.
[9] *Id.*
[10] R. Doc. No. 21-8.
[11] R. Doc. No. 19-2, p. 6; R. Doc. No. 24, p.6.
[12] R. Doc. No. 19-2, p.5;

2

material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

II.     ANALYSIS

Both parties submit a wealth of extraneous information and arguments, but plaintiffs correctly identify the actual question currently before the Court: whether the initial UM form was

in effect at the time of the subject motor vehicle collision.  Defendants contend that the initial UM selection executed along with the "-00" policy was still in effect and plaintiffs contend that the initial selection was revoked by the invalid UM forms signed subsequently with the "-01" and "-02" renewals.

Defendants argue that because Mac Papers made a valid selection of UM limits when the policy commenced, the initial UM selection continued to be in force as the policy was annually renewed.  In Louisiana, there is no question that an initial valid selection or rejection of UM coverage is also valid for renewal, reinstatement, or substitute policies. *Rashall v. Pennington*, 982 So.2d 301, 305 (La. Ct. App. 2008), *writ denied*, 993 So.2d 1286 (La. 2008); *Stephenson v. Van Vleit*, 693 So.2d 858, 865 (La. Ct. App. 1997), *writ denied*, 701 So.2d 174 (La. 1997).

In response, plaintiffs first argue that it is possible that the "-01" policy is not a renewal of the "-00" policy, but rather an entirely new policy.  Notwithstanding the fact that the only portion of the policy number that changed on the subsequent policies is the suffix, defendants have submitted affidavits attesting that no changes were made to the coverages each time the policy renewed[13] and plaintiffs present no evidence to the contrary.  The Court, therefore, finds that the "-01," "-02," and "-03" policies were renewals of the "-00" policy.  The remaining issue is whether the invalid UM forms signed along with the "-01" and "-02" renewals revoked the prior valid UM selection.

In *Rashall*, the plaintiff argued that when the company submitted an invalid UM coverage form, it effectively revoked the prior valid UM coverage form. *Rashall*, 982 So.2d at 305.  The court rejected the argument and explained that, "[t]he clear language of La. R.S. 22:680(1)(a)(ii) requires an affirmative act on the part of [the insured]. i.e., the submission of a new UM selection form to [the insurer] 'on the form prescribed by the commissioner of insurance.'  The

---

[13] R. Doc. Nos. 21-4, 21-5.

evidence establishes only that [the insured] did not properly execute the form reaffirming the original decisions to reject UM coverage." *Id.* The court concluded that, "[a]bsent evidence that [the insured] submitted a new UM selection form to [the insurer] as required by La. R.S. 22:680(1)(a)(ii), the original rejection of UM coverage was still valid at the time of [the plaintiff's] accident." *Id.*

Plaintiffs in this case argue that the invalid UM selection forms for the "-01" and "-02" renewals effectively revoke the initial valid UM selection form executed in conjunction with the original "-00" policy. However, as explained by the *Rashall* court, an improperly executed form reaffirming the previous selection of UM insurance does not satisfy the affirmative act requirement of La. R.S. 22:680(1)(a)(ii). *See* 982 So.2d at 305. Therefore, since there is no evidence that Mac Papers submitted a subsequent, valid UM selection form to Zurich, the original selection form associated with the "-00" policy was still valid at the time of Hall's accident.[14] *See id.*

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for partial summary judgment is **DENIED** and that defendants' motion for partial summary judgment is **GRANTED**.

New Orleans, Louisiana, June 1, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14] Plaintiffs contend that in the absence of any valid UM selection form, the amount of UM coverage would equal the full liability limits of the insurance policy. Since the Court finds that a valid UM selection form was in effect at the time of the subject accident, the Court does not address plaintiffs' contention.