UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DERRICK HALL ET AL., | CIVIL ACTION |
| Plaintiffs | NO: 10-4409 |
| VERSUS | SECTION "H"(2) |
| MAC PAPERS, INC. ET AL., | JUDGE MILAZZO |
| Defendants | |

**ORDER & REASONS**

IT IS ORDERED that Defendants' Motion for Partial Dismissal (Doc. 75) is DENIED. The Court finds that res judicata is inapplicable, as the parties to the current lawsuit are not identical to the parties to the prior compromise agreement.

**BACKGROUND**

This case arises out of a motor vehicle accident that occurred on August 19, 2009 in New Orleans, Louisiana. Plaintiff Derrick Hall was the driver of a tractor-trailer for his employer, Defendant Mac Papers, Inc. Plaintiff settled his claims against the other driver's insurer,

1

USAgencies Casualty Insurance Company, for the policy limit and executed a release of claims as part of the compromise agreement. Plaintiff has now filed suit against his employer, Mac Papers, Inc., and his employer's uninsured motorist insurance provider, Zurich American Insurance Company, alleging that the driver of the other vehicle was underinsured, and that his injuries exceeded the policy limit.

Defendants filed the current Motion on September 19, 2011. (Doc. 75.) Plaintiff filed a Response on September 26, 2011 (Doc. 77), and Defendant filed a Reply on September 28, 2012. (Doc. 78.) Defendant filed a Sur-Reply on September 29, 2011, and the Court took the Motion under submission on October 5, 2011. (Doc. 79.)

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

plaintiff's claims are true.  *Id*.  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**LAW & ANALYSIS**

The issue before the Court is whether, based on the doctrine of res judicata, a compromise agreement with a broad release of claims can release parties to a lawsuit who were not parties to the compromise agreement.  The Court finds that such a result would be contrary to Louisiana law and holds that res judicata, even as applied to broadly-worded compromise agreements, requires that the parties to each proceeding be identical.

Defendants urge the Court to apply the doctrine of res judicata and bar Plaintiff from litigating certain claims against them.  Specifically, Defendants argue that the release Plaintiff executed as part of the compromise agreement contained language broad enough to release any claims against Defendant arising from the accident as well. (Doc. 75, p. 5.) The parties agree that the relevant language of the release states:

> APPEARER does hereby compromise and settle with and specifically release, acquit and forever discharge USAgencies Casualty Insurance Co. and its Insured, Mary Emery and Isaac Weber, as well as all other persons, corporations, firms or others who may or might be jointly, severally, or solidarily liable therewith, the parties hereinafter being referred to as Releasees . . . .

3

(Doc. 75, p. 4; Doc. 77, Ex. 1.) In response, Plaintiff argues that under Louisiana law res judicata based on a compromise agreement requires that a party seeking to invoke res judicata was a party to the compromise agreement. (Doc. 77, p. 3.)

When jurisdiction is based on diversity, a federal district court applies state law to substantive issues before the court. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). When adjudicating state law claims, federal courts must apply the law as the highest court of the state interprets it. *Barfield v. Madison Cnty, Miss.,* 212 F.3d 269, 271-72 (5th Cir. 2000). If the state's highest court has not spoken on the issue, however, the court must make an "*Erie* guess" and determine what the highest court of the state would most likely decide. *Id.* The federal district court's goal is to predict state law, not to create or modify it. *Howe ex rel. Howe v. Scottsdale Ins. Co.,* 204 F.3d 624, 627 (5th Cir. 2000).

Courts making an "*Erie* guess" on an issue of Louisiana law must decide the issue in the way the court believes the Supreme Court of Louisiana would decide it. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.,* 395 F.3d 533, 546 (5th Cir. 2004). Louisiana courts use a civilian methodology, under which they first examine primary sources of law, namely the constitution, codes, and statutes of Louisiana. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.,* 328 F.3d 192, 197 (5th Cir. 2003). Judicial decisions are a secondary source of law. *Prytania Park Hotel, Ltd. v. Gen. Star Indem. Co.,* 179 F.3d 169, 175 (5th Cir. 1999). Accordingly, although federal courts should not disregard decisions of Louisiana's intermediate courts unless convinced that the highest court of Louisiana would decide

4

otherwise, those decisions do not bind federal courts considering the same issue. *Am. Int'l Specialty Lines, Co.,* 352 F.3d 254, 261 (5th Cir. 2003).

Examining Louisiana jurisprudence as the Supreme Court of Louisiana would, the Court finds that res judicata is inapplicable in the current case. Considering the primary sources of Louisiana law, as well as the rulings of Louisiana's highest court, it seems most likely that the Louisiana Supreme Court would find that Louisiana law requires that the parties be identical for res judicata based on a compromise agreement to bar later claims, even if the compromise agreement includes a broad release of claims. Louisiana's revised states, as well as rulings from the Louisiana Supreme Court, make it clear that identical parties is a necessary requirement of res judicata.

Primary sources of Louisiana law support the Court's decision. Section 13:4231 of the Louisiana Revised Statutes states that "[a] valid and final judgment is conclusive *between the same parties* . . . ." La Rev. Stat. Ann. § 13:4231 (2012) (emphasis added). Additionally, the Louisiana Supreme Court has held that "a party claiming res judicata based on a compromise agreement must have been a party to the compromise . . .," *Ortego v. State Dept. of Transp. and Devel.,* 689 So.2d 1358, 1363 (La. 1997)[1], and that res judicata generally requires that the parties of the earlier judgment on which res judicata is based are identical to the parties in the later proceeding.

---

[1] *Ortego* was decided using the law as it existed before the doctrine of res judicata in Louisiana underwent significant changes in 1990. *Ortega,* 689 So.2d at 1362-63. The identical parties requirement, however, was a requirement of res judicata both before and after the changes. *Id.*

5

*Burguieres v. Pollingue,* 843 So.2d 1049, 1053 (La. 2003).

Case law from Louisiana intermediate courts also supports the Court's decision. Although Defendant here cites a case from the Louisiana Fifth Circuit Court of Appeal holding otherwise, this Court is not bound to follow that decision if persuasive evidence exists that the Louisiana Supreme Court would make a holding contrary to the holding of the intermediate court. Other Louisiana appellate courts, as well as the dissenting judge in *Silva,* agree that in Louisiana the application of res judicata based on a compromise agreement requires that the parties in the pending lawsuit and the parties in the compromise agreement be identical.[2]

In *Hines v. Smith*, for example, the Louisiana Second Circuit Court of Appeal addressed a situation similar to the situation in this case and to the situation in *Silva.* 16 So.2d 1234, 1237 (La. App. 2 Cir. 8/12/09). The plaintiff in *Hines* executed a compromise agreement with a hospital that contained language similar to the applicable language in the case before the court releasing "any and all other persons . . . whether or not herein specifically named, of and from any and all claims . . . ." *Id.* at 1240. The plaintiff later filed suit against a doctor who had been involved in the

---

[2] *See, e.g., Spires v. State Farm Mutual Auto. Ins. Co.,* 996 So.2d 697, 700 (La. App. 3 Cir. 11/5/08) (finding res judicata unavailable when the party seeking to invoke res judicata was not a party to the compromise agreement); *Carrie v. La. Farm Bureau Cas. Ins. Co.,* 900 So.2d 841, 844 (La. App. 4 Cir. 2/16/05) (finding res judicata unavailable to defendant because defendant was not a party to the compromise agreement). *But see Tyler v. Roger,* No. 2008 CA 2468, 2009 WL 1655840 (La. App. 1 Cir. 6/12/09) (allowing res judicata based on a compromise agreement to bar later suit against an entity that was not a party to the compromise agreement) (one judge dissenting).

6

incident leading to the compromise with the hospital. *Id.* at 1236. The doctor sought to bar the claims against her under the doctrine of res judicata, arguing that the broad language of the settlement agreement contractually released the claims against her. *Id.* at 1239. The court, however, found that the doctor could not invoke res judicata because she was not a party to the compromise agreement, and "a valid and final judgment is only conclusive between 'the same parties '" *Id.* at 1242-43. As in *Silva,* one judge dissented from the majority in *Hines* and would have found that the language of the compromise agreement released the doctor. *See id.*

Considering the disagreement among Louisiana intermediate courts, primary sources of Louisiana law, and the *Ortego* decision, the Court finds that the Louisiana Supreme Court would most likely find res judicata inapplicable in the present case. The statutory text and holding in *Ortego,* together with decisions from various Louisiana intermediate courts, persuade the Court that res judicata based on a compromise agreement requires that the parties to the subsequent suit be identical to the parties to the compromise agreement. Here, Defendants have not argued, and the Court does not find, that Defendants and USAgencies are identical parties. Given that "[t]he doctrine of res judicata is *stricti juris*, and any doubt concerning application of the principle of res judicata must be resolved against its application," Defendants' Motion is denied. *Hines,* 16 So.2d at 1237 (citing *Kelty v. Brumfield,* 633 So.2d 1210 (La. 1994)).

7

**CONCLUSION**

Defendants' Motion for Partial Dismissal is denied.  The parties to the current lawsuit are not identical to the parties in the prior compromise agreement.  Accordingly, res judicata is unavailable to Defendants and cannot be used to bar Plaintiff's claims against them.

New Orleans, Louisiana, this 18th day of April, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT COURT JUDGE

8