**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**DERRICK HALL ET AL.,**                                        **CIVIL ACTION**
                              **Plaintiffs**                    **NO: 10-4409**


**VERSUS**                                                      **SECTION "H"(2)**


**MAC PAPERS, INC. ET AL.,**                                    **JUDGE MILAZZO**
                              **Defendants**


**ORDER & REASONS**

IT IS ORDERED that Defendants' Motion for Leave to Appeal (Doc. 94) is DENIED.


28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final

judgment on the order. 28 U.S.C.A. § 1292(b)(West 2011). For an interlocutory order to be

appealable pursuant to the statute, three conditions must be satisfied. The trial judge must certify

in writing that the order: (1) involves a controlling question of law, (2) substantial ground for

difference of opinion on that question of law exists, and (3) immediate appeal from the order may

"materially advance the ultimate termination of [the] litigation." *Id; Anderson v. Jackson*, No. 06-

1

3298, 2007 WL 4414479, at *3 (E.D.La. Dec. 14, 2007).  The moving party carries the burden of

showing the necessity of interlocutory appeal.  *Chauvin v. State Farm Mut. Auto. Ins. Co.*, Nos. 06-

7145, 06-8769, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007).  Interlocutory appeals are

"exceptional" and should not be granted "simply to determine the correctness of a judgment."  *Id.*

(quoting *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 68-69 (5th Cir. 1983)).

The Court finds that Defendants have not met their burden of showing that interlocutory

appeal is necessary.  The Court agrees that a controlling issue of law is the subject of the order

Defendants seek to appeal.  The Court disagrees, however, that substantial grounds for difference

of opinion on that question of law exist.  Although case law from two Louisiana intermediate courts

supports a ruling different from this Court's ruling, the Louisiana revised statutes, as well as case

law from both the Louisiana Supreme Court and three Louisiana intermediate courts, support the

Court's ruling.  (*See* Doc. 92.)  Accordingly, any grounds for difference of opinion on the controlling

question of law do not rise to the level of "substantial."  As Defendants have not shown why this

situation is "exceptional," the Motion is denied.


New Orleans, Louisiana, this 23rd day    of April, 2012.


_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT COURT JUDGE